**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES SKINNER, | No. 09-16848 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01363-SMM (LOA) |
| v. | |
| ARIZONA DEPARTMENT OF CORRECTIONS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

James Skinner, an Arizona state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process and

First Amendment violations related to the loss of his personal property.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and may affirm on any ground supported by the record, *Johnson v. Riverside Healthcare Sys.*, *LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed all of Skinner's claims against the Arizona Department of Corrections as barred by the Eleventh Amendment. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (neither state nor state agency may be sued in federal court without its consent under the Eleventh Amendment).

The district court properly dismissed Skinner's due process claims against the remaining defendants because the random and unauthorized intentional deprivation of personal property does not give rise to a due process claim where, as here, a meaningful post-deprivation remedy is available under state law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Moreover, the district court properly concluded that Skinner's dissatisfaction with the settlement amount that defendants offered him as reimbursement for the loss of his books did not render the post-deprivation remedy inadequate, especially since he could have filed a tort action in Arizona state court. *See* Ariz. Rev. Stat. §§ 12-821 *et. seq*.

Though not expressly addressed in the district court's order, Skinner's First Amendment claim was properly dismissed because the confiscation of his books

09-16848

was random and unauthorized, and not based on their content. *See Thornburgh v. Abbott*, 490 U.S. 401, 415-16 (1989) (inmates' First Amendment claims for denial of access to publications are reviewed for whether access was limited by content-based regulations and their relationship to legitimate penological interests).

The district court properly dismissed the complaint without leave to amend because the defects could not be cured by amendment. *See McKesson HBOC v. New York State Common Ret. Fund, Inc*., 339 F.3d 1087, 1090 (9th Cir. 2003).

**AFFIRMED**.